IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | No. 3:24-CR-19-KAC-JEM |
| TODD M. EVANS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Joshua Vanriette's Unopposed Motion to Continue Trial and Extend All Deadlines [Doc. 122], filed on March 19, 2024.

In support of his motion, Defendant Vanriette states that the Indictment was filed on February 21, 2024, and defense counsel was appointed a few weeks ago [Doc. 122 p. 1]. Defendant asserts that this case is not ready for trial and notes that defense counsel was notified on March 14 that discovery documents were available for pick up, though counsel had not yet been able to do so at the time of filing [*Id.*]. Further, defense counsel has not had enough time to review discovery with his client, who is detained in Kentucky, develop a defense strategy, analyze and research possible pretrial motions, or adequately prepare for trial [*Id.* at 1–2]. Finally, Defendant Vanriette states that counsel for the government has no objection to the requested continuance [*Id.* at 2].

On March 20, 2024, the Court ordered the remaining parties to file a position on Defendant Vanriette's motion to continue [Doc. 123]. Defendants Amber Jackson [Doc. 127], Nicholas

Eskridge [Doc. 128], Todd Evans [Doc. 131], James Pass [Doc. 133], and Christopher Gilmore [Doc. 135], all filed Notices of No Objection. Defendants Gary Shadden [Doc. 125], Misty Walden [Doc. 126], Henri Ewing [Doc. 129], Traythan Edwards [Doc. 130], and Kristy Murray [Doc. 132] filed responses stating they do not oppose Defendant Vanriette's motion to continue. Defense counsel for Defendants Charlotte Brown and Liberty Warfield did not file responses but confirmed with Chambers via email that Defendants do not oppose Defendant Vanriette's motion to continue. Further, Defense counsel for all Defendants confirmed with Chambers via email and/or through their filings that Defendants understand their right to a speedy trial.

Based upon the information set forth in Defendant Vanriette's motion and because the Government and Codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendant Vanriette needs additional time to review discovery, meet with his client, analyze and research possible pretrial motions, and to otherwise prepare for trial. The Court finds that all of this cannot occur before the April 30, 2024 trial date.

The Court therefore **GRANTS** Defendant Joshua Vanriette's Unopposed Motion to Continue Trial and Extend All Deadlines [**Doc. 122**]. The trial of this case is reset to **July 30, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in

a speedy trial, all of the time between the filing of the motion on March 19, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Joshua Vanriette's Unopposed Motion to Continue Trial and Extend All Deadlines [**Doc. 122**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 30, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **March 19, 2024**, and the new trial date of **July 30, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **April 22, 2024**, and responses to motions are due on or before **May 6, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 28, 2024**;

(6) the deadline for filing motions *in limine* is **July 15, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **July 16, 2024 at 11:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 19, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge