UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:24-CR-19-KAC-JEM |
| HENRI L. EWING, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Henri L. Ewing's Unopposed Motion to Continue Trial Date and Other Deadlines [Doc. 523], filed on October 21, 2025.

Defendant requests the Court to continue the trial date, set for November 25, 2025 and all associated pretrial deadlines, as well as the suppression hearing, set for November 6, 2025 [*Id.*]. In support of the motion, Defendant states that new information came to light that materially impacts the posture of this case, specifically, a potential issue regarding the credibility of Government's witness Officer Jared Hall under *Giglio v. United States*, 405 U.S. 150 (1972) [*Id.* ¶ 2]. Defendant contends that Officer Hall's testimony at the suppression hearing and his credibility are central to the supplemental motion [Doc. 382] for his motion to suppress [Doc. 256] and influenced the other motions and responses [*Id.* ¶ 3]. Defendant's counsel is currently in the process of obtaining and reviewing the complete Roane County divorce file about Officer Hall and other records [*Id.* ¶ 4]. Defendant asserts that proceeding to trial without a complete review of these documents would be imprudent and could result in future complications that could be avoided [*Id.*]. Further, Defendant argues that this new evidence impacts previously-filed motions,

including a supplemental motion and an objection to report and recommendations [*id.* ¶ 5 (citing Docs. 382, 425)], which he contends relies heavily on arguments concerning Officer Hall's credibility [*id.*]. Defendant submits that depending on the full scope of the information contained in the divorce file, Defendant's counsel may need to re-evaluate, amend, or resubmit these motions [*Id.*].

Defendant states that the development of this new credibility evidence also directly impacts the suppression hearing, as well as any objections and briefs that may be filed [*Id.* ¶ 6]. On October 2, 2025, Defendant filed a Motion to Reopen the Suppression Hearing [*Id.* (citing Doc. 508)]. On October 17, 2025, the Court granted Defendant's Motion (*Id.* ¶ 7 (citing Doc. 522)]. Defendant asserts that a continuance of the trial is imperative to allow the parties sufficient time to prepare for and conduct the reopened suppression hearing, arguing that the outcome could substantially alter the posture of this case [*Id.*]. Additionally, Defendant contends these developments could also directly impact ongoing plea negotiations, and that a continuance would give the parties the necessary time to fully assess the impact of the new evidence on the case's strength and reach a resolution without the need for trial [*Id.* ¶ 8].

Defendant further submits that if the suppression motion is denied, his counsel will require adequate time after the suppression hearing to prepare and file additional objections, potentially motions, and to modify existing motions that are directly impacted by the suppression issues [*Id.* ¶ 9]. He further asserts that a favorable ruling on the suppression motion could effectively eliminate a portion of the Government's case and significantly alter the trajectory of trial preparation and strategy for both parties [*Id.*]. Defendant argues that to proceed would deny his counsel and potentially the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence [*Id.*].

Finally, Defendant asserts that the *Giglio* issue has created novel questions of fact or law, and that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section, 18 U.S.C. § 3161(h)(8)(B)(ii) [*Id.* ¶ 13]. He states that the *Giglio* issue was not anticipated by any of the parties, but as a result, it has created timing issues that impact his constitutional rights, and that it would suggest that the continuance of the trial and other associated deadlines is warranted to preserve those rights [*Id.* ¶ 14].

Defendant's motion reflects that counsel for the Government does not oppose the requested continuance, and that a continuance will allow time to review the newly-discovered materials, conduct the reopened suppression hearing, modify other motions as needed, avoid potential pitfalls, and explore the possibility of a resolution [*Id.* ¶ 11]. Defendant waives any speedy trial issues related to the continuance [*Id.* ¶ 12].

Codefendant Amber Jackson filed a notice of no position on the motion to continue and said that she has signed a plea agreement with the Government, and at the time of her filing, noted that she was scheduled to appear before the Court on October 31, 2025, for her Change of Plea Hearing [Doc. 525 p. 1].

Codefendant Bobby Robinette gave a notice of no objection and waived his speedy trial rights [Doc. 526 p. 1].

Codefendant Todd M. Evans took no position on the relief sought in Defendant Ewing's motion to continue and waived his speedy trial rights for the purposes of the Court's ruling on the motion [Doc. 527 p. 1].

Codefendant Robert Fugate submitted a notice of no position and noted that, at the time of his filing, his Change of Plea Hearing was scheduled before the Court on October 31, 2025 [Doc. 528 p. 1].

Codefendant Nicholas Eskridge filed a notice of no objection and stated that he understood the period of time between the filing of the motion for continuance is fully excludable for speedy trial purposes [Doc. 529 p. 1].

Codefendant Joshua Vanriette filed a notice of no objection and stated that he understood his speedy trial rights, and he agreed that the period of time between the filing of the motion for continuance and any new trial date is fully excludable under the Speedy Trial Act [Doc. 530 p. 1].

Finally, Codefendant Charlotte Brown gave notice of no objection and stated that she was aware of her speedy trial rights and knowingly waives them for the purposes of the pending motion [Doc. 532 p. 1].

Based upon the information in Defendant's motion and because the Government and codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant Ewing's counsel needs more time to communicate with Defendant, receive and review evidence, discuss factual and legal issues, confer with the Government regarding a potential resolution, prepare for the upcoming suppression hearing and

submit post-hearing briefs, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Defendant Henri L. Ewing's Unopposed Motion to Continue Trial Date and Other Deadlines [**Doc. 523**]. The trial of this case is reset to **April 21, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 21, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Henri L. Ewing's Unopposed Motion to Continue Trial Date and Other Deadlines [**Doc. 523**] is **GRANTED**;

(2) the Suppression Hearing is reset to **December 15, 2025, at 1:00 p.m.**;

(3) the trial of this matter is reset to commence on **April 21, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(4) all time between the filing of the motion on **October 21, 2025**, and the new trial date of **April 21, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 20, 2026**;

(6) the deadline for filing motions *in limine* is **April 6, 2026**, and responses to motions *in limine* are due on or before **April 14, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 7, 2026, at 11:00 a.m.,** and

5

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 10, 2026.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge