UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,                    )
                                             )
                    Plaintiff,               )
v.                                           )          No. 3:24-CR-19-KAC-JEM
                                             )
TODD M. EVANS, NICHOLAS                      )
J. ESKRIDGE, CHARLOTTE A. BROWN,             )
HENRI L. EWING, and BOBBY L.                 )
ROBINETTE,                                   )
                                             )
                    Defendants.              )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Bobby L. Robinette's Unopposed Motion for Continuance of Trial Date and Related Deadlines [Doc. 608], which he filed on March 18, 2026.

Defendant asks the Court to continue the current trial date, which is set for April 21, 2026, and all related deadlines [*Id.*]. In support of his motion, Defendant states that on January 14, 2026, he filed a motion requesting a mental evaluation to determine whether he is competent to stand trial [*Id.* ¶ 2 (citing Doc. 571)]. The Court held a hearing on Defendant's motion on January 28, 2026, determined that a mental evaluation was appropriate, and entered an Order of Commitment on January 29, 2026 [*Id.* ¶ 3 (citing Doc. 578)]. On February 18, 2026, the United States Bureau of Prisons ("BOP") advised that Defendant was transferred into their custody at FMC Lexington Kentucky on February 10, 2026, for the mental evaluation [*Id.* ¶ 4]. BOP advised that the thirty-day evaluation period began on February 10, 2026, and would conclude on March 11, 2206, but that the report regarding the evaluation would not be available until April 8, 2026 [*Id.*]. Defendant

submits that since the BOP report would not be available until April 8, 2026, the case could not move forward on its current trial date [*Id.* ¶ 5]. Defendant contends that the result of his mental evaluation will determine whether he is competent to proceed to trial and will directly affect matters such as plea negotiations and trial preparation [*Id.* ¶ 6]. Defendant's motion reflects that the Government has no objection to a continuance [*Id.* ¶ 7].

Codefendant Henri Ewing filed a Response to Codefendant Robinette's Motion for Continuance and states that he does not oppose the requested continuance of the trial date and all related deadlines [Doc. 613 ¶ 2]. Codefendant Ewing notes that he has a pending suppression ruling that may materially affect the scope of proof against him, as well as pending motions in limine that have not yet been ruled upon [*Id.* ¶ 4]. He submits that those unresolved matters further support continuing the present trial setting and related deadlines until the case is in a more suitable posture for final trial preparation [*Id.*]. Codefendant Ewing requests that the new trial setting should allow for completion of the competency proceedings, resolution of outstanding pretrial matters, and adequate time for counsel to prepare thereafter [*Id.* ¶ 5]. Codefendant Ewing knowingly and voluntarily waives his rights under the Speedy Trial Act for the period of the requested continuance [*Id.* ¶ 3].

Codefendant Charlotte A. Brown filed a Notice of No Objection to Motion and gives notice that she has no objection to the motion to continue, is aware of her speedy trial rights, and waives them for the purposes of said motion [Doc. 614 p. 1].

Codefendant Nicholas J. Eskridge filed a Notice of No Objections to Motion to Continue and gives notice that he does not object to the relief sought in Codefendant Robinette's motion to continue [Doc. 615 p. 1]. Codefendant Eskridge understands that the period of time between the filing of the motion for continuance is fully excludable for speedy trial purposes [*Id.*].

Codefendant Todd Evans filed a Notice of No Objection to Motion to Continue (Doc. 608) and states that he has no objection to the motion to continue and that he is aware of his speedy trial rights and waives them for the purposes of this motion [Doc. 616 p. 1].[1]

Based upon the information contained in the motion and because the Government and Codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to receive the results of his mental evaluation, and once he has received the results, otherwise prepare for trial. The Court finds that all of this cannot occur before the April 21, 2026 trial date.

The Court therefore **GRANTS** Defendant Bobby L. Robinette's Unopposed Motion for Continuance of Trial Date and Related Deadlines [**Doc. 608**]. The trial of this case is reset to **September 8, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on March 18, 2026, and the new trial

---

[1] The Court notes that Codefendant Joshua Vanriette filed a Notice of No Position on Co-Defendant Robinette's Motion for Continuance of Trial Date and All Related Deadlines [Doc. 617]. Codefendant Vanriette advises that he takes no position on the motion to continue, as he will not be going to trial [*Id.* at 1]. Codefendant Vanriette appeared before the Court on March 13, 2026, pursuant to a plea agreement, and entered a plea of guilty to two counts of the indictment [Doc. 607]. He is scheduled for sentencing on August 7, 2026 [Doc. 617 p. 1]. Codefendant Vanriette represents that the Speedy Trial Act is no longer applicable to his case [*Id.*].

date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Bobby L. Robinette's Unopposed Motion for Continuance of Trial Date and Related Deadlines [**Doc. 608**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 8, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **March 18, 2026**, and the new trial date of **September 8, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 7, 2026**;

(5) the deadline for filing motions *in limine* is **August 24, 2026**, and responses to motions *in limine* are due on or before **September 1, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **August 20, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 28, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

Case 3:24-cr-00019-KAC-JEM    Document 620    Filed 03/30/26    Page 4 of 4    PageID #: 2948